IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY E. PERKINS,            )<br>           Petitioner,     )<br>     vs.                   )<br>JAMES A. YATES, Warden,       )<br>           Respondent.    )<br>_____) | No. C 07-6185 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc # 2) |

Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperius (doc # 2), which, good cause shown, is GRANTED.

**BACKGROUND**

Petitioner was convicted by a jury in Alameda County superior court of spousal rape and penetration of spouse by a foreign object. Petitioner admitted having suffered several prior convictions. On February 23, 2005, the trial court sentenced him to 21 years in state prison.

On August 11, 2006, the California Court of Appeal affirmed the judgment of the trial court and, on October 18, 2006, the Supreme Court of California denied review.

Proceeding pro se, petitioner then began seeking collateral relief from the state courts. His final petition for a state writ of habeas corpus was filed in the Supreme Court of California on August 3, 2007 and is still pending.

## DISCUSSION

In <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir 1983), the Ninth Circuit held that a would-be federal habeas petitioner must await the outcome of his appeal or other state post-conviction proceeding before his federal petition is ripe for review. <u>Accord</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state post-conviction proceeding, that proceeding may result in the reversal of the petitioner's conviction and/or sentence on some other ground, thereby mooting the federal question. <u>See</u> <u>Sherwood</u>, 716 F.2d at 634 (citations omitted).

The rationale of <u>Sherwood</u> applies here: Petitioner must wait until the Supreme Court of California rules on the merits of his habeas petition before seeking federal habeas relief. In the interest of comity, the petition will be dismissed as premature and not yet ripe for review. <u>See</u> <u>id.</u>

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to filing a new petition once all state judicial proceedings relating to petitioner's conviction and sentence are completed.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: Dec. 11, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Perkins, R1.or1.wpd